# **EXHIBIT 1**

# SUMMONS - CIVIL

JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



Instructions are on page 2.

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| Hartford Superior Court, 95 Washington Street, Hartford, CT 06106 | (860) 548-2700 | 07/26/2022 |

| | | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District<br>☐ Housing Session | G.A.<br>Number: ☐ | Hartford | Major: T    Minor: 03 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Dressler Strickland, 84 Cedar Street, Hartford, CT 06106 | 106079 |

| Telephone number | Signature of plaintiff (if self-represented) | | |
|---|---|---|---|
| (860) 247-1122 | | | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☒ Yes  ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed): Tavi@Dresslerlaw.com

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Ramos, Alejandro<br>Address: 40 Barbara Drive, East Hartford, CT 06118 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Home Depot U.S.A., Inc., 2455 Paces Ferry Road, Atlanta, GA 30339<br>Address: AFS: Corporation Service Company, Goodwin Square 225 Asylum Ave, 20th floor, Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>Tavi J. Dressler, Esq. |
|---|---|---|---|
| 06/24/2022 | | | |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date |
|---|---|---|

For Court Use Only
File Date

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

Docket Number

| | |
|---|---|
| **RETURN DATE: JULY 26, 2022** | : SUPERIOR COURT |
| **ALEJANDRO RAMOS** | : J.D. OF HARTFORD |
| V. | : AT HARTFORD |
| **HOME DEPOT U.S.A, INC.** | : JUNE 24, 2022 |

## COMPLAINT

**FIRST COUNT:** (NEGLIGENCE - Alejandro Ramos v. Home Depot U.S.A., Inc.)

1. At all times relevant herein, the Defendant, Home Depot U.S.A., Inc., was and continues to be a foreign corporation legally and duly authorized to conduct business in the State of Connecticut with a principal business address located at 2455 Paces Ferry Road, Atlanta, GA.

2. At all times relevant herein, the Defendant, individually, or through its officers, agents, servants, and/or employees, owned, leased, operated, managed, and/or maintained possession and control of a Home Depot Store #6207 (hereinafter the "Home Depot") located at 80 Buckland Hills Drive in Manchester, Connecticut.

3. At all times relevant herein, the Defendant had a duty to exercise reasonable care to maintain said Home Depot, including store aisles, shelving, and products for sale, in a safe condition for its business invitees and store customers.

4. On or about July 2, 2020, at approximately 3:00 p.m., the Plaintiff, Alejandro Ramos, was a business invitee lawfully shopping within the Home Depot store and bending down to look at store products for sale on the lower level shelving of aisle 42.

5. At the same time, a Home Depot employee was standing next the Plaintiff and was reaching, pulling, and/or handling products located above the Plaintiff when a steel pipe was caused to fall upon the Plaintiff, causing the Plaintiff to suffer injuries, losses, and damages as more particularly set forth below.

6. On said date, and at said time and place, and for some time prior thereto, the steel pipe was and had been in a defective and dangerous condition, in that it was improperly placed and/or secured by the Defendant.

7. On said date, and at said time and place, the Defendant, individually, or through its agents, servants, and/or employees, in the performance of a nondelegable duty, knew or in the exercise of reasonable care should have known of said dangerous and defective condition.

8. The steel pipe falling upon Plaintiff and resulting injuries, losses, and damages were caused by the negligence and carelessness of the Defendant in one or more of the following ways:

   a. IN THAT the Defendant failed to maintain the Home Depot premises in a reasonably safe condition;

   b. IN THAT the Defendant failed to take adequate measures for the proper placement and securing of said steel pipe;

   c. IN THAT the Defendant caused the defective and dangerous condition and/or permitted said steel pipe to fall upon the Plaintiff;

   d. IN THAT the Defendant failed to inspect and/or discovery the defective and dangerous condition of said steel pipe when reasonable care so required;

   e. IN THAT the Defendant failed to warn the Plaintiff of the dangerous and defective condition of said steel pipe and/or prevent it from falling upon Plaintiff; and/or

   f. IN THAT the Defendant failed to employ competent help to inspect and maintain said Home Depot in a safe condition for store patrons, including the Plaintiff;

9. As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff sustained blunt blow trauma to the head; a concussion; a closed head injury with posttraumatic headaches, blurred vision, ringing to the ears/tinnitus; injuries to the neck and back with associated pain and discomfort; annular bulging at C2-3, C3-4, C4-5, C5-6, and C6-7 with encroachment/impression upon the thecal sac and radiating symptoms to the upper extremities; an aggravation or exacerbation to pre-existing injuries; and all other injuries as are of yet unknown.

10. From all the injuries, losses, and damages, or the effects thereof, the Plaintiff suffered and will continue to suffer from pain, discomfort, soreness, limitation of motion and restriction of activity.

11. The Plaintiff's injuries, or some of them, will be permanent in nature.

12. As a further result of the negligence and carelessness of the Defendant, the Plaintiff has incurred bills and expenses for medical care and attention and will, in all likelihood, incur additional expenses in the future.

13. As a further result of the negligence and carelessness of the Defendant, the Plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will similarly be affected in the future.

**SECOND COUNT**: (RES IPSA LOQUITUR - Alejandro Ramos v. Home Depot U.S.A., Inc.)

1-7. Paragraphs 1 through 7 of the First Count are hereby incorporated by reference and made paragraphs 1 through 7 of this Second Count as if fully set forth herein.

8. The occurrence in this case was such that in the ordinary course of events no injury would have resulted unless from the negligence and carelessness of the Defendant in the inspection, maintenance, repairs, placement, securing or use of said steel pipe.

9. At all mentioned herein, the duty of inspection, maintenance, securing, and use was under the control of the Defendant, individually, or through its agents, servants, employees, and/or independent contractors, in the performance of a nondelegable duty.

10. At all times mentioned herein, the falling of said steel pipe happened irrespective of any voluntary action at the time on the part of the Plaintiff.

11-15. Paragraphs 9 through 13 of the First Count are hereby incorporated by reference and made paragraphs 11 through 15 of this Second Count as if fully set forth herein.

- 3 -

**WHEREFORE**, THE PLAINTIFF CLAIMS:

    A.    Monetary Damages; and

    B.    Any other relief that in law or equity may pertain.

Dated at Hartford, Connecticut on this 24th day of June 2022.

PLAINTIFF,

By: _____
**Tavi J. Dressler, Esq.**
Dressler Strickland
84 Cedar Street
Hartford, CT 06106
(860) 247-1122
Juris No. 106079

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

- 4 -

| | | |
|---|---|---|
| RETURN DATE: JULY 26, 2022 | : | SUPERIOR COURT |
| ALEJANDRO RAMOS | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| HOME DEPOT U.S.A, INC. | : | JUNE 24, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is in excess of Fifteen Thousand ($15,000.00) Dollars.

PLAINTIFF,

By: _____
Tavi J. Dressler, Esq.

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

- 5 -